# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC SENEGAL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-1734 |
| | § | |
| YUM! BRANDS, INC., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion to dismiss filed by defendant Yum! Brands, Inc. ("Yum! Brands"). Dkts. 10, 11. Plaintiff Eric Senegal responded. Dkt. 12. Yum! Brands replied. Dkt. 13. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion should be GRANTED.

## I. BACKGROUND

This is a Title VII employment discrimination case. In 2016, Senegal and three other people were hired to work at a Kentucky Fried Chicken location.[1] Dkt. 1 at 2. However, Senegal was never given a shift and never began working. *Id.* Later, "other employees" informed Senegal that "the manager had referred to him as a fa—ot and said he needed to change his voice." *Id.*

Senegal sued Yum! Brands and TAS Foods, LLC ("TAS") under Title VII of the Civil Rights Act of 1964, alleging that the defendants are "joint employers" of the KFC where Senegal was

---

[1] At the motion to dismiss stage, the court takes all facts alleged in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

hired.[2] *Id.* Senegal contends that the KFC manager "did not want Senegal, a gay male, to work at the restaurant because of Senegal's sexual orientation and/or because of expectations for Senegal to act as a stereotypical male." *Id.* Yum! Brands subsequently filed this motion to dismiss. Dkt. 10.

## II. LEGAL ANALYSIS

Rule 8(a)(2) requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party against whom claims are asserted may move to dismiss those claims when the nonmovant has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Instead, "[a] claim has

---

[2] Although the case was filed in May 2018, Senegal was not able to successfully serve TAS until November 2018. Dkt. 19. TAS has not entered an appearance or otherwise participated in the lawsuit.

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012).

### III. ANALYSIS

Yum! Brands argues that Senegal's complaint must be dismissed because: (1) Senegal failed to plead facts to show that Yum! Brands is an employer under Title VII; (2) Senegal has not exhausted his administrative remedies; and (3) Title VII does not protect against discrimination based on sexual orientation. Dkt. 11.

**A.   Yum! Brands's Employer Status**

Yum! Brands first argues that Senegal's complaint is deficient because it does not contain sufficient factual allegations that Yum! Brands is an employer within the meaning of Title VII. Dkt. 11 at 3–5. Title VII prohibits an "employer" from discriminating on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person." § 2000e(b).

Senegal's complaint asserts that Yum! Brands and TAS Foods are "joint employers of a Kentucky Fried Chicken restaurant in Harris County, Texas." Dkt. 1 at 2. However, the complaint does not provide any facts to support the conclusion that Yum! Brands meets the Title VII definition

of an employer. *See* Dkt. 1. The court cannot reasonably infer that Yum! Brands is an employer under Title VII from the face of the complaint, and therefore Senegal's claims against Yum! Brands must be dismissed. However, the court concludes that amendment would not be futile in this regard and grants Senegal leave to amend his complaint.

A Title VII plaintiff must also demonstrate that the plaintiff had an employment relationship with the defendant. *Muhammad v. Dall. Cty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 380–82 (5th Cir. 2007) (citing *Deal v. State Farm Cty. Mut. Ins. Co.*, 5 F.3d 117, 118 n.2 (5th Cir. 1993)). However, the existence of such a relationship is a "fact-intensive inquiry" that is typically decided on summary judgment. *McCorvey v. Univ. of Tex. Health Sci. Ctr.*, No. 5:16-cv-631-DAE, 2016 WL 8904949, at *16 (W.D. Tex. Dec. 21, 2016) (Ezra, J.) (citing *id.* at 382). Based on Senegal's allegation that he was "offered [] a job at Defendants' Kentucky Fried Chicken," the court can reasonably infer that an employment relationship existed between Senegal and the Defendants. Thus, the court declines to dismiss Senegal's complaint on this ground.[3]

**B.    Administrative Exhaustion**

Yum! Brands also argues that Senegal failed to exhaust his administrative remedies as required by Title VII. Dkt. 11 at 5–7. In order to bring a Title VII claim, a plaintiff must first file an administrative charge with the EEOC and receive a notice of right to sue. 42 U.S.C. § 2000e-5(f). "[A] party not named in an EEOC charge may not be sued under Title VII unless there is a clear

---

[3]Yum! Brands also argues that Senegal does not sufficiently plead facts to show that the Defendants were "joint employers" under Title VII. Dkt. 11 at 4 n.1. Joint employers are subject to an additional test that primarily inquires "which entity made the final decisions regarding employment matters" relating to the plaintiff. *Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 616–17 (5th Cir. 1999). However, like the employment-relationship issue, this is a fact-intensive inquiry that is better suited for resolution on summary judgment. *See Murdock v. City of Houston*, No. 4:10-cv-00056, 2011 WL 7109286, at *6 (S.D. Tex. Sept. 21, 2011) ("The existence of joint employer status is essentially a factual issue.") (quotations omitted).

identity of interest between it and the party named in the charge." *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988) (citing *Romain v. Kurek*, 772 F.2d 281, 283 (6th Cir. 1985)). Yum! Brands argues that Senegal may not bring a Title VII claim against it because: (1) Senegal's EEOC charge does not name Yum! Brands as a respondent; and (2) Senegal has not pled adequate facts to demonstrate that the "identity-of-interest" exception applies as between Yum! Brands and TAS Foods. Dkt. 11 at 5–6; Dkt. 13 at 3–4.

"[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). However, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also Carter v. Stanton*, 405 U.S. 669, 671, 92 S. Ct. 1232 (1972). Here, Senegal's complaint references his EEOC charge and his right-to-sue notice, so the court may consider those documents as part of the pleadings. Dkt. 1 at 3. However, Senegal's response to the motion to dismiss includes several extrinsic documents, such as correspondence between EEOC investigators and a purported Yum! Brands representative, to support Senegal's argument that Yum! Brands falls within the identity-of-interest exception. Dkt. 12-1. Some courts have converted similar motions to dismiss into motions for summary judgment. *See, e.g.*, *Walsh v. Aries Freight Sys., L.P.*, No. H-07-2628, 2007 WL 3001650, at *4 (S.D. Tex. Oct. 12, 2007) (Rosenthal, J.) (converting a Rule 12(b)(6) motion into a Rule 56 motion because a party submitted an affidavit, in addition to an EEOC charge and right-to-sue notice, to demonstrate lack of exhaustion under Title VII).

However, the court may decline to consider extrinsic materials and consider the Rule 12(b)(6) motion as filed. *Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 188 (S.D. Tex. 2008) (Rosenthal, J.) ("When either the pleader or the moving party submits materials outside the pleadings in connection with a motion to dismiss, the court must convert the motion into a summary judgment motion under Rule 56 *if* the court chooses to accept the materials outside the pleadings.") (emphasis added). Here, because the parties have not conducted any discovery, the court declines to convert Yum! Brands's Rule 12(b)(6) motion into a motion for summary judgment. *See Ace Am. Ins. Co.*, 255 F.R.D. at 188–90 (collecting cases). Thus, the court will not consider any extrinsic materials or arguments based on those materials.

Viewing the pleadings in the light most favorable to the plaintiff, the court can reasonably infer that Senegal exhausted his administrative remedies under the identity-of-interest exception. The final right-to-sue notice names a TAS Foods representative, and the parties' arguments generally assumed that the EEOC charge named TAS Foods as the respondent. Dkts. 11-2, 12, 13. However, the court may not "look to a post-charge notice to determine whether a party was named." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 482 (5th Cir. 2014). Senegal's original charge names a "Kentucky Fried Chicken" in Houston as the respondent—not Yum! Brands *or* TAS Foods. Dkt. 11-1. Thus, based on the pleadings, Senegal must demonstrate that Yum! Brands and Kentucky Fried Chicken had a sufficient identity of interest.

The identity-of-interest inquiry is highly fact-intensive and includes factors such as: "whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings"; "whether [the unnamed party's] absence from the EEOC proceedings resulted in actual prejudice to the interests of the

unnamed party"; and "whether the role of the unnamed party could through reasonable effort" be ascertained by the plaintiff at the time the charge was filed." *Walsh*, No. H-07-2628, 2007 WL 3001650, at *4. Because the parties have not conducted any discovery at this stage, Senegal need not plead extensive facts in order to survive dismissal. *See id.* ("As other courts have found, '[i]n the context of this motion to dismiss, the [c]ourt lacks sufficient information to conclude as a matter of law [that] an identity of interest is lacking,'" citations omitted). Senegal has pled that Yum! Brands is a "joint employer" of named respondent Kentucky Fried Chicken. Dkt. 1 at 2. Based on that allegation, the court can reasonably infer that Yum! Brands and the named respondent may have a sufficient identity of interest. Yum! Brands Defendants may revisit this issue in a motion for summary judgment at a later date, but the court cannot grant dismissal on this ground.

C. **Sexual Orientation and Gender Discrimination under Title VII**

Finally, Senegal's complaint alleges that Yum! Brands discriminated against Senegal "because of Senegal's sexual orientation and/or because of expectations for Senegal to act as a stereotypical male." Dkt. 1 at 2. Yum! Brands argues that Title VII does not protect against discrimination based on sexual orientation. Dkt. 11 at 7–8. Thus, Yum! Brands contends that Senegal's claim must be dismissed and Senegal should not be allowed to amend his complaint. *Id.*

The court agrees that, under Fifth Circuit precedent, Title VII does not protect against sexual orientation discrimination. *Brandon v. Sage Corp.*, 808 F.3d 266, 270 n.2 (5th Cir. 2015) ("Title VII in plain terms does not cover 'sexual orientation.'"); *Smith v. Liberty Mut. Ins. Co.*, 569 F.2d 325 (5th Cir. 1978); *see also Berghorn v. Tex. Workforce Comm'n*, No. 3:17-cv-01345-l, 2017 WL 5479592, at *3 (S.D. Tex. Nov. 15, 2017) (Lindsay, J.) (collecting cases). While Senegal urges this court to adopt other circuits' approaches to this issue, Fifth Circuit authority forecloses this

argument.[4]  "[U]nless and until overruled by the Fifth Circuit or the Supreme Court, or Congress elects to extend Title VII protection to sexual orientation, the court cannot disregard Fifth Circuit precedent."  *Berghorn*, 2017 WL 5479592, at *4; *see also Sarff v. Cont'l Express*, 894 F. Supp. 1076, 1081 (S.D. Tex. 1995) (Kent, J.) (noting that the "scope of the law . . . is not coterminous with the scope of ethical or humanitarian duties" in this area).  To the extent Senegal's complaint alleges discrimination based on sexual orientation, those claims must be dismissed.

However, "[a]ctionable sex discrimination under Title VII includes discrimination against those who do not conform to sex or gender stereotypes."  *Wittmer*, 304 F. Supp. 3d at 634; *Price Waterhouse v. Hopkins*, 490 U.S. 228, 250–51, 109 S. Ct. 1775 (1989), *superseded by statute on other grounds*, 42 U.S.C. § 2000e–2(m) ("In the specific context of sex stereotyping, an employer who acts on the basis of a belief that a woman cannot be aggressive, or that she must not be, has acted on the basis of gender.").  A plaintiff's "perceived failure to conform to traditional gender stereotypes may be attributable to a plaintiff's appearance or behavior or both." *Berghorn*, 2017 WL 5479592, at *5 (citing *Price Waterhouse*, 490 U.S. at 234–35).

The Fifth Circuit's opinion in *EEOC v. Boh Bros. Constr. Co., L.L.C.*, 731 F.3d 444 (5th Cir. 2013), is instructive.  In *Boh Brothers*, the plaintiff's supervisor called the plaintiff "fa—ot," "pu—y," and "princess," exposed himself to the plaintiff, and mocked the plaintiff with other "sexualized acts."  *Id.* at 449–51, 459.  However, the supervisor testified that he did not believe the

---

[4]Both the Second and Seventh Circuits have recently held that sexual orientation is a protected class under Title VII. *Zarda v. Altitude Express, Inc.*, 883 F.3d 100 (2d Cir. 2018); *Hively v. Ivy Tech. Cmty. Coll.*, 853 F.3d 339 (7th Cir. 2017). Senegal cites *Wittmer v. Phillips 66 Co.*, 304 F. Supp. 3d 627 (S.D. Tex. 2018) (Rosenthal, J.), arguing that other Fifth Circuit district courts have already adopted this recent precedent. However, the *Wittmer* court merely noted that the Second and Seventh Circuit decisions were "persuasive." *Id.* at 634. The *Wittmer* court assumed, without deciding, that orientation was a protected class under Title VII, because the plaintiff's case failed on other grounds. *Id.*

plaintiff was gay. *Id.* at 458. Rather, the supervisor testified that the plaintiff was "feminine" and "not manly" because the plaintiff used wet wipes instead of toilet paper on a construction site. *Id.* at 458–59. Despite the overtly homophobic tone of the supervisor's abusive behavior, the court held that Title VII applied. *Id.* The court reasoned that "a jury could view [the supervisor's] behavior as an attempt to denigrate [Plaintiff] because—at least in [the supervisor's] view—[Plaintiff] fell outside [the supervisor's] manly-man stereotype." *Id.* at 459.

Here, viewed in the light most favorable to the plaintiff, Senegal's complaint sufficiently pleads facts that constitute gender-stereotype discrimination under Title VII. Senegal alleges that Defendants' manager said he "needed to change his voice," which could imply that Senegal's voice did not conform with the manager's stereotype of how a male voice should sound. Dkt. 1 at 2. Further, although the manager's use of the term "fa—ot" could have referred to Senegal's sexual orientation, the complaint does not allege that the manager knew or believed that Senegal was gay.[5] *Id.* Rather, as in *Boh Brothers*, the manager could have used the term simply because the manager believed Senegal's voice was not "manly" enough. *See Boh Bros.*, 731 F.3d at 458–59. Given the facts of this particular case, the court can reasonably infer that the manager's discrimination could have been based on Senegal's nonconformance with gender norms. *Cf. Berghorn*, 2017 WL 5479592, at *5 (granting a motion to dismiss because, although the plaintiff pled gender-stereotype discrimination, the plaintiff's complaint "focus[ed] on his sexual orientation" and did not allege sufficient facts to support a gender discrimination claim). Therefore, although Senegal must correct other pleading defects, amendment would not be futile and Senegal may amend his complaint.

---

[5]However, the manager's knowledge or belief about Senegal's orientation is not dispositive—the manager could have engaged in gender-stereotype discrimination even with the knowledge that Senegal was gay.

## IV. CONCLUSION

Yum! Brands's motion to dismiss (Dkt. 10) is GRANTED. Senegal's claims are DISMISSED WITHOUT PREJUDICE. Senegal's request for leave to amend (Dkt. 12 at 4) is GRANTED. Senegal is ORDERED to file an amended complaint within 20 days of this order.

Signed at Houston, Texas on February 5, 2019.

Gray H. Miller
Senior United States District Judge